IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHER DISTRICT OF ALABAMA
MIDDLE DIVISION

FILED
01 FEB 12 PM 4:18
U.S. DISTRICT COURT
N.D. OF ALABAMA

| | |
|---|---|
| JENNIFER CROWLEY, as Administratrix and Personal Representative of the Estate of Gary Michael Crowley, deceased<br><br>Plaintiff,<br><br>vs.<br><br>ST. CLAIR COUNTY, a governmental subdivision of the State of Alabama; Terry Surles in his individual and official capacities as Sheriff of St. Clair County, Alabama; Terry Marcum, in his individual and official capacities as Chief Jailer of the St. Clair County Jail; Donna Preston, in her individual and official capacities as a jailer at the St. Clair County Jail; Etowah County, a governmental subdivision of the State of Alabama; James Hayes, in his individual and official capacities as Sheriff of Etowah County, Alabama; Johnny Grant, in his individual and official capacities as Chief Jailer of the Etowah County Jail; Jerry Perkins, in his individual and official capacities as a jailer at the Etowah County Jail; Southern Health Partners, Inc., an Alabama corporation, a health care provider at the Etowah County Jail; The City of Ashville, a municipal corporation in St. Clair County, Alabama;<br><br>Defendants. | CIVIL ACTION NO.:<br><br>CV-_____<br><br>JURY TRIAL DEMANDED<br><br>CV-01-TMP-0400-M |

## COMPLAINT

Comes now the plaintiff in the above-styled cause, by and through counsel, and for cause of action herein avers and says as follows:

1

## **JURISDICTION AND VENUE**

1. This action is brought by Jennifer Marie Crowley (hereinafter "Plaintiff") on behalf of the survivors of Gary Michael Crowley (hereinafter "Decedent Crowley") pursuant to 42 U.S.C. §1983 and 1988 to redress the violation of his rights secured by the Fourth, Fourteenth and Ninth Amendments to the United States Constitution by the above-named defendants.

2. This Court has jurisdiction over the civil rights claims arising under 42 U.S.C. §1983 pursuant to 28 U.S.C. §§1331 and 1343 (a)(3).

3. This action is also brought by the plaintiff on behalf of the survivors of Decedent Crowley to redress pendent state law claims.

4. This Court has jurisdiction over the pendent Alabama state law claims pursuant to 28 U.S.C. §1367 and this Court's judicial power.

5. Venue is proper in this Court pursuant to 28 U.S.C. §1391 (b) because the claims arose within the Middle Division of the Northern District of Alabama.

## **PARTIES**

6. That verified claims have been previously filed with the above-styled governmental entities in full compliance with the requirements of Alabama Code §11-47-23 and 11-47-192 (1975) (regarding municipalities) and Alabama Code 11-12-5 (1975) et seq. (regarding counties) in a timely manner, as conditions precedent to the filing of the pendent state law claims set out herein.

7. That the decedent Gary Michael Crowley was a resident citizen of Gadsden, Etowah County, Alabama at all times pertinent hereto. The plaintiff Jennifer Marie Crowley is also a resident citizen of Gadsden, Etowah County, Alabama, and is administratrix of the Estate of Gary Michael Crowley, as well as his personal representative. She brings this action on behalf of the survivors and heirs of Decedent Crowley.

8. Defendant City of Ashville is a municipal corporation organized and existing in St. Clair County under the laws of the State of Alabama. Both defendant Etowah County and defendant St. Clair County are governmental entities organized and existing within the confines of the State of Alabama and under the laws of the State of Alabama. All of the named individual defendants are resident citizens of the State of Alabama and over the age of nineteen (19) years. The corporate defendants are Alabama corporations, doing business within the geographical confines of the State of Alabama. All of said defendants are subject to the jurisdiction of this Court and competent to be sued. Defendant Terry Surles was Sheriff of St. Clair County, Alabama at all pertinent times hereto. Defendants Terry Marcum, and Donna Preston were, at all pertinent times hereto employees of the St. Clair County Sheriff's Department and responsible for the care of inmates at the St. Clair County Jail. Defendant James Hayes was Sheriff of Etowah County, Alabama at all pertinent times hereto. Defendant Johnny Grant was, at all pertinent times hereto, an employee of the Etowah County Sheriff's Department and responsible for the care of inmates at the Etowah County Jail. Defendant Southern Health Partners, Inc. is an Alabama corporation with a principal place of business in Gadsden, Etowah County, Alabama, and a party responsible for the delivery of health and medical care to inmates of the Etowah County and St. Clair County jails at all pertinent times hereto.

9. At all times pertinent hereto, the aforesaid defendants were acting as jailers, and/or otherwise responsible for the care and supervision of the Decedent Crowley while the latter was incarcerated in either the St. Clair County Jail in Ashville, Alabama, or the Etowah County Jail in Gadsden, Alabama. At such times, and all times pertinent to this lawsuit, said jailers or other agents, servants or employees of the defendants who were responsible for the care and supervision of Claimant's decedent were acting under the color of Alabama law and/or acting as the official policy maker(s) for defendants City of Ashville, Etowah County or St. Clair County.

## FACTUAL ALLEGATIONS

10. On the 3rd day of March, 1999, the decedent Gary Michael Crowley died following several months of incarceration in the defendants' jail facilities. The cause(s) of death listed on the Decedent's death certificate was "(1) Brain anoxia; and (2) Massive hemorrhage to the brain." In November of 1998, the Decedent Crowley had been arrested on a warrant issued by the City of Ashville alleging that the decedent had failed to appear for a scheduled court date. He was arrested on the warrant in Etowah County, Alabama, and incarcerated in the Etowah County Jail. He was subsequently transferred from the Etowah County Jail in February of 1999 and placed in the St. Clair County Jail in Ashville, Alabama, where he remained until his death.

While the decedent was held in the Etowah County Jail, the undersigned states upon information and belief that the decedent was extremely ill and reported his illness to jail officials, including the defendants Hayes, Grant, Perkins, Southern Health Partners, Inc. and/or their designees or agents, who nevertheless failed and refused to adequately care for his medical problems. The decedent, on his subsequent transfer to the St. Claim County Jail in Ashville, Alabama, continued to complain of illnesses that included frequent and dizzying headaches, and debilitating pain. The decedent's continuing health problems were reported to St. Clair County jail officials including the defendants Surles, Marcum, Preston and Southern Health Partners, Inc. and/or their designees or agents, by the decedent and others, but the aforesaid defendants also failed and refused to undertake any measures to treat the decedent's maladies or even ascertain the seriousness of the decedent's illness. The actions of the jail officials cited above constituted deliberate indifference to the serious health needs of the Decedent Crowley, and an express violation of the civil rights guaranteed to the decedent by the Eighth Amendment to the Constitution of the United States. Said conduct also constituted cruel and unusual punishment, an express violation of civil rights guaranteed to the

Decedent by the Ninth Amendment to the Constitution of the United States.

12. As a proximate and direct consequence of the aforesaid defendants' failure to provide reasonable and adequate medical treatment for the plaintiff's decedent during the term of his incarceration, the Decedent Crowley suffered a massive brain hemorrhage which, on March 3, 1999 resulted in his death.

## CAUSES OF ACTION

13. By this reference, plaintiff incorporates each and every allegation and averment set forth in Paragraphs 1 through 6 of this Complaint as if they were fully set forth herein.

## COUNT ONE

14. The actions of the defendants in failing to provide for the care and treatment of the plaintiff's decedent were objectively unreasonable and constituted deliberate indifference to the medical needs of the decedent, who was incarcerated in a correctional facility in their care and powerless to help himself. The plaintiff's decedent died as a proximate consequence of the reckless, wilful and wanton, negligent or intentional misconduct of the defendants.

15. As a direct and proximate consequence of the actions and/or omissions of the defendants set out above:

    (a) Decedent Crowley died; and

    (b) Decedent Crowley's survivors incurred losses, including but not limited to:

        (1) expenses incurred in the treatment or burial of the decedent;

        (2) loss of income from the decedent;

        (3) loss of companionship and corsortium; and

        (4) pain and suffering of the survivors.

16. The actions of the defendants set out above were intentional, wanton, malicious or

oppressive, entitling the Claimant to an award of punitive damages irrespective of Alabama Code §6-5-410.

17. Upon information and belief, the plaintiff alleges that the actions of the defendants herein were undertaken pursuant to the official policies, customs and/or practices of the defendant City and defendant Counties and officials as determined by their policy makers. Moreover, there existed a pattern and practice of similar conduct regarding the absence of medical care and treatment of inmates, and the defendant City and defendant counties and officials were all guilty of deliberate indifference in the conduct complained of herein.

18. That the defendants herein are all entities or persons responsible for the care of the inmates placed in their custody such as the Decedent Crowley, and said defendants had a duty to use reasonable care not to harm, injure or kill members of the public, including decedent Crowley. The defendants are vicariously liable for the negligent, careless, negligent and/or unskillful conduct of their employees or agents acting in furtherance of their duties for the defendants under the doctrine of respondent superior on plaintiff's wrongful death claims, and liable to the plaintiff therefor.

19. That the defendants are jointly and severally liable to the plaintiff for the conduct alleged herein.

20. That the failure to treat the plaintiff's decedent's medical complaints and his resulting death was a direct and proximate consequence of the official policies, practices and customs of the defendant City of Ashville, St. Clair County, Etowah County and the defendant officials.

21. That the Etowah County Jail and Sheriff's Department is organized by and under the defendant Etowah County and defendant James Hayes. The St. Clair County Jail and Sheriff's Department is organized by and under the defendant St. Clair County and defendant Sheriff Terry Surles.

22. That, at all times relevant to this Complaint, the defendants herein acted pursuant to the official policies, practices and/or customs of the defendants City of Ashville, Etowah County and St. Clair County as determined by their policy-makers.

23. Defendants Etowah County and St. Clair County have either delegated their policy making authority to the respective defendant Sheriff(s) and/or other persons (including other defendants named herein) or retained their policy-making authority to create policy for (1) the provision of adequate medical care for inmates of the respective County jails; and (2) the supervision, control and/or discipline of jailers, medical care contractors, providers and/or other employees of said counties and/or the Sheriff's Departments thereof charged with providing medical care to inmates of the respective County Jails.

24. Plaintiff avers upon information and belief that, prior to Decedent Crowley's illness and subsequent death, defendants City of Ashville, Etowah County and St. Clair County and/or their policy-makers had actual knowledge of several previous incidents in which inmates of the Etowah and St. Clair County jails had been denied adequate medical care and treatment.

25. Moreover, defendants City of Ashville, Etowah County and St. Clair County knew or should have known (had they diligently fulfilled their duties to train, instruct, supervise, control and discipline its jail employees and/or contractors) that the official practices, policies, and/or customs regarding the delivery of adequate and necessary medical care and treatment to inmates of the respective County jails were so inadequate that it was obvious that a failure to correct them would result in further incidents of medical neglect, injury and/or death.

26. That none of the above-referenced defendants took action to correct the said policies, practices or customs, with the result that each such defendant actually had policies, practices and/or customs which authorized such conduct.

27. That, had the defendants taken remedial action, the circumstances that led to the death of the plaintiff's decedent would not have occurred.

28. That the defendants City of Ashville, Etowah County and St. Clair County are liable to the plaintiff for their own wrongs and not solely on the basis of respondent superior. The said defendant are jointly and severally liable herein, however, and liable for the negligent acts of their employees pursuant to state and federal law.

WHEREFORE, PREMISES CONSIDERED, the plaintiff respectfully prays for the following relief pursuant to 42 U.S.C. §1983:

    (a) Compensatory damages against the defendant pursuant to Weeks v. Benton, 649 F.Supp.1297 (S.D.Ala.1986) to adequately compensate the survivors and deter future governmental misconduct;

    (b) Punitive damages, as allowed by law, against defendants in their individual and official capacities pursuant to Ala. Code §6-5-410;

    (c) Pre-judgment interest, post-judgment interest and costs;

    (d) attorneys fees and expenses from each defendant pursuant to 42 U.S.C. §§1988 and 1983; and

    (e) Other and further relief that the Court may deem just and proper.

## COUNT TWO

28. The plaintiff incorporates by reference each and every averment and allegation set forth in Paragraphs 1 through 27 of this Complaint as completely as if fully set out herein.

29. That the defendants had a duty to use reasonable care to not harm, injure or kill members of the public, including Decedent Crowley. The said defendants also had an absolute duty to exercise reasonable and ordinary care in the provision of medical care to inmates of their respective

jails, and to provide reasonable and necessary medical care to said inmates.

30. That the aforesaid defendants had a duty to use reasonable care to hire, supervise, train and control those persons responsible for the delivery of adequate health care services to said inmates, and monitoring the health care needs of said inmates, including Decedent Crowley.

31. That the defendants breached the aforesaid duties, and as a direct and proximate consequence thereof, the plaintiff's decedent was caused great pain and suffering and, ultimately, death. The defendants breached the aforesaid duty by negligently, carelessly and/or unskillfully hiring, training and/or supervising those persons who were to deliver reasonable and necessary health care services to inmates of the Etowah and St. Clair County jails, and monitor said inmates; and/or the defendants breached said duties by failing to deliver necessary and adequate medical care to said inmates of the Etowah County and St. Clair County jails and to monitor said inmates.

32. That, as a direct and proximate consequence of the defendants' acts and omissions, the plaintiff's decedent was caused to endure great pain and suffering and, ultimately, death.

33. Moreover, the defendants Etowah County, St. Clair County, City of Ashville, Sheriff James Hayes, Sheriff Terry Surles and any health care providers herein are vicariously liable for the negligent, careless and/or unskillful conduct of any defendants acting as agents or any other agent acting for and in furtherance of their duties for the aforesaid defendants under the doctrine of respondent superior.

34. That the actions of any of the defendants herein which were intentional, wanton, malicious and/or oppressive would entitle the plaintiff the plaintiff to an award of punitive damages, irrespective of the provisions of Alabama Code §6-5-410.

WHEREFORE, PREMISES CONSIDERED, the plaintiff respectfully demands the following relief:

(a) Compensatory damages against the defendants, as allowed by law, in a sum to be determined by the jury;

(b) Punitive damages against the defendants, as allowed by law, in a sum sufficient to compensate the plaintiff and deter similar conduct;

(c) Pre-judgment interests, post-judgment interest, and costs, and

(d) Such other and further relief as the Court may deem just and proper.

Respectfully submitted,

_____
MARCUS W. REID
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
Attorney for Plaintiff Jennifer M. Crowley
P.O. Box 2303
Anniston, AL 36202
(256) 236-1240


Plaintiff demands trial by struck jury in this cause.

_____
MARCUS W. REID


**SERVE DEFENDANTS AT:**

St. Clair County
City Clerk
P.O. Box 397
Ashville, AL 35953

Terry Surles
St. Clair County Sheriff's Dept.
P.O. Box 549
Ashville, AL 35953